```
                    FILED
              U.S. DISTRICT COURT
             EASTERN DISTRICT OF LA

              2000 JUL 18  PM 1:31

              LORETTA G. WHYTE
                   CLERK
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JAMES H. MURUNGI | CIVIL ACTION |
| VERSUS | NO. 00-387 |
| THEODORE PUDHOROSKY, et al. | SECTION "B"(2) |

**ORDER AND REASONS**

I.   INTRODUCTION

This matter is before the Court for consideration of two Motions. On behalf of defendants, Theodore Pudhorosky, Kerry Grant, David Robbins, Thomas Wisnieski and Delores Anzalone, the United States Attorney has filed a Motion to Dismiss Plaintiff's Complaint based on the lack of personal jurisdiction pursuant to Rule 12(b)(2) and insufficiency of service of process under 12(b)(5). Plaintiff did not file an opposition to the Motion. However, plaintiff filed a Motion to Transfer Venue. Having reviewed the memoranda and law, the Court grants defendants'

DATE OF ENTRY
JUL 19 2000

Doc. No. 15

Motion to Dismiss Plaintiff's Complaint based on the lack of personal jurisdiction for the following reasons.

II.  BRIEF FACTUAL BACKGROUND

On January 28, 1999, plaintiff filed a lawsuit in the United States District Court, Western District of New York against the United States Department of Veterans Affairs. According to the Complaint, plaintiff (who was a resident of New York at the time the suit was filed) was employed as a clinical pharmacist at two V.A. Medical Centers in New York from December 5, 1994 until September 4, 1998, when he was terminated. Plaintiff claimed that his termination was based on a bias against his race, color and national origin as an African-American male, and a native of Kenya, Africa. In the Complaint, plaintiff claims that he was subjected to several incidents of verbal abuse, physical violence and defamation and was denied promotions, demoted, falsely imprisoned and humiliated. Plaintiff claims that as a result of those actions, he has suffered humiliation, emotional distress and mental anguish, and fears for his safety. According to plaintiff, he has complained to the V.A. Office of Resolution Management and the Equal Employment Office, but has not received satisfactory responses.

Subsequently, plaintiff apparently moved to Louisiana, and on February 7, 2000 filed the instant suit in this Court against five additional defendants, who he claims conspired against him and instigated his termination. In his Complaint, plaintiff states that defendants are residents of New York.

III. LAW AND ANALYSIS

The constitutional requirement for establishing personal jurisdiction over a defendant involves a two-step process. First, there must be minimum contacts between the non-resident defendant and the forum state which results from an affirmative act of the non-resident defendant. International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158 (1945); Holt Oil & Gas Corp. v. Harvey, 801 F.2d 773, 777 (5th Cir.1986). Second, such contact must be considered in light of factors to determine whether the assertion of personal jurisdiction comports with "fair play and substantial justice." Burger King Corporation v. Rudzewicz, 471 U.S. 462, 476, 105 S.Ct. 2174, 2184 (1985); International Shoe Co., 326 U.S. at 316, 66 S.Ct. at 158.

When a defendant asserts that a court lacks personal jurisdiction under Rule 12(b)(2), the plaintiff bears the burden of establishing that the district court does in fact have jurisdiction

over a non-resident defendant. <u>Stuart v. Spademan</u>, 772 F.2d 1185, 1192 (5th Cir.1985).

Plaintiff has failed to establish and the record is void of any minimum contacts or affirmative acts by defendants with or in the State of Louisiana. Further, the interests of justice and fairness would not be served by asserting jurisdiction over an action where plaintiff has previously filed an action in New York asserting the same or substantially similar claims against his employer and where all defendants and non-party witnesses reside in New York.

For the reasons stated above, the Court lacks personal jurisdiction over the defendants, and therefore, is obligated to dismiss the suit on that basis. Even if personal jurisdiction existed here, plaintiff's suit would nevertheless be subject to dismissal due to non-compliance with Federal Rules of Civil Procedure 4(e) and (m). Plaintiff's Motion to Transfer Venue does not cure this Court's lack of personal jurisdiction over the individual defendants or insufficiency of proper and timely service of process. Accordingly,

**IT IS ORDERED** that the defendants' **Motion to Dismiss** (Doc. 10) is **GRANTED** based on the absence of personal jurisdiction; alternatively, the defendants' **Motion to Dismiss** as it relates to

insufficiency of proper and timely service of process (Doc. 10) is **GRANTED,** and plaintiff's **Motion to Transfer Venue** (Doc. 12) is **DISMISSED AS MOOT**.

New Orleans, Louisiana, this 17th day of July, 2000.

_____
IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE